IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KIRKLAND WASHINGTON,

    Petitioner,

vs.                                              Case No. 4:11cv414-SPM/CAS

KENNETH S. TUCKER,

    Respondent.

                                   /

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Kirkland Washington, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 16, 2011.  Doc. 1.  Petitioner then filed a first amendment or supplement.  Doc. 4.  This was deemed an amended petition, and this Court directed Petitioner to file a second amended petition incorporating all claims, as claims not raised by amendment are deemed abandoned.  Doc. 5; N.D. Fla. Loc. R. 15.1.  Petitioner filed a second amended § 2254 petition on December 18, 2011, with a supporting memorandum and an appendix.  Doc. 6.

Petitioner challenges the judgment imposed by the Second Judicial Circuit Court, Leon County, on June 29, 2006, after Petitioner entered a nolo contendere plea.  Doc. 6, p. 1.  Petitioner appealed the judgment and sentence to the First District Court of Appeal (DCA).  *Id.* at 2.  The First DCA issued a per curiam affirmance, without an opinion, on June 15, 2007, and the mandate issued on July 13, 2007.  See Washington v. State, 959 So. 2d 260 (Fla. 1st DCA 2007) (table); online docket of First DCA for case 1D06-4972, at www.1dca.org.

On January 31, 2012, this Court directed Petitioner to show cause why the § 2254 petition should not be dismissed as untimely.  Doc. 7.  Petitioner has filed a response to the show cause order.  Doc. 12.  After reviewing the response, for the reasons set forth below, the Court finds this § 2254 proceeding should be dismissed as untimely.

There is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The one-year period is tolled for the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending in state court.  28 U.S.C. § 2244(d)(2); *see* Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004) (explaining that limitations period may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence").

The judgment and sentence in this case became final on September 13, 2007, when the ninety-day period for filing a petition for writ of certiorari expired.  See Jimenez

v. Quarterman, 555 U.S. 113, 119-20 (2009). In his response to the show cause order, Petitioner indicates he filed a Florida Rule of Criminal Procedure 3.850 motion on June 4, 2008. Doc.12 , at p. 4. At that point, 265 days of the one-year limitations period for filing a § 2254 petition had elapsed.

The trial court denied Petitioner's Rule 3.850 motion and Petitioner appealed to the First DCA. The First DCA reversed in part and remanded for an evidentiary hearing or record attachments conclusively refuting Petitioner's allegation that trial counsel knew the victim was unavailable for the trial and neglected to tell Petitioner. Washington v. State, 10 So. 3d 1126, 1128 (Fla. 1st DCA 2009) (case number 1D08-3246). After the remand, Petitioner appealed again to the First DCA, assigned case number 1D10-990. The First DCA per curiam affirmed, without opinion, the order on appeal and the mandate issued November 29, 2010. Washington v. State, 48 So. 3d 59 (Fla. 1st DCA 2010) (table); online docket of First DCA for case 1D10-990, at www.1dca.org. At this point, the limitations period began running again. Because Petitioner did not file his § 2254 petition until 260 days later, on August 16, 2011, adding that time to the 265 days that had already run before the filing of the Rule 3.850 motion, results in his petition being untimely filed. *See, e.g.,* Tinker v. Moore, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

In his response, Petitioner asserts that, on July 20, 2007, he filed a motion to compel in the circuit court, to attempt to obtain his prosecution file from the State Attorney's Office. Doc. 12, Ex. C. The circuit court denied this motion on July 24, 2007.

Doc. 12, Ex. D.  Petitioner appealed this denial to the First DCA, which assigned it case number 1D07-4516.  Doc. 12, Ex. F.  The First DCA dismissed the appeal on March 11, 2009, after Petitioner failed to file an initial brief.  *See* online docket of First DCA for case 1D07-4516, at www.1dca.org.  Petitioner argues this time, from July 20, 2007, through March 11, 2009, tolls the limitations period because he filed the motion to compel after requesting his prosecution file in accordance with the Public Records Act.  Doc. 12, p. 3.  Petitioner argues the State Attorney's Office engaged in "egregious behavior" in requiring him to pay for the file.  *Id.*  Further, Petitioner argues that, in his appeal from the circuit court's denial of his motion to compel, "he did not receive or was aware of any knowledge that he had to file a brief . . . because after the docketing statement on September 2, 2007, Petitioner did not receive any more mail concerning Case No. 1D07-4516 until July 28, 2008," when Petitioner received an order granting his motion for extension of time for service of the initial brief.  *Id.* at 4, Ex. G.

Petitioner's argument lacks merit.  "[A] public records request and litigation concerning the same is not a collateral attack and is irrelevant to a time limitation calculation."  Williams v. Sec'y, Dep't of Corr., 2009 WL 1046131, *2 (M.D. Fla. Apr. 20, 2009); *see* May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) ("The district court correctly determined that the limitations period should not be tolled during the pendency of Mr. May's various motions for transcripts and petitions for writs of mandamus relating to those motions.").  Notably, for purposes of state post-conviction motions, public records requests "may not be used by any inmate as the basis for failing to timely litigate any postconviction action." Fla. Stat. § 119.07(8) (2006).

Accordingly, this § 2254 proceeding should be summarily dismissed because the petition is untimely on its face. Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts. (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

Rule 11(a) of the Rules Governing § 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and "[i] the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), R. Gov.§ 2254 Cases in U.S. Dist. Cts.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Accordingly, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. See Fed. R. App. P. 24(a)(3)(A) (providing that before or after a notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that the instant § 2254 petition for writ of habeas corpus filed by Kirkland Washington, challenging the judgment entered June 29, 2006, by the Second Judicial Circuit, in and for Leon County, Florida, be **SUMMARILY DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 11, 2012.


S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations